IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS DIETRICH,

    Petitioner,

v.                                                          Civ. No. 09-1034 RB/RLP

GEORGE TAPIA, Warden, *et al.*,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

    1.    This is a proceeding brought pursuant to 28 U.S.C. § 2254. Petitioner states two grounds for relief: (1) that he received ineffective assistance of counsel when his attorney failed to file a brief in the New Mexico Supreme Court after that court granted *certiorari*; and (2) that he seeks money damages for not receiving all of the good time credits he was due.[2]

    2.    From the documents submitted by Respondents, it appears that Petitioner is no longer incarcerated and was released from his parole status in January, 2009. *See* Answer [Doc. 8], Exhibits O & P.

    3.    "Under § 2254(a), federal courts may grant habeas relief only if a state prisoner is '*in custody* in violation of the Constitution or laws or treaties of the United States. The custody requirement is jurisdictional." *Mays v. Dinwiddie*, 580 F.3d 1136, 1138 (10th

---

[1] Within 14 days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the 14-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

[2] The subject of the habeas petition was also for the alleged inaccurate calculation of the good time credits.

Cir. 2009) (quoting § 2254(a)) (emphasis by the court).  A petitioner, however, "need not be incarcerated to satisfy the custody requirement."  *Id.*  The issue is whether the petitioner is "subject to restraints not shared by the public generally that significantly confine and restrain freedom."  *Id.* (citing *Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502, 510 (1982)).  The custody requirement must be satisfied at the time the habeas action is filed.  *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

     4.    The record submitted indicates that Petitioner was released from parole as of January 12, 2009.  Exhibits O & P.  He filed his petition in this Court on October 29, 2009, well after his parole ended.  Accordingly, this Court has no jurisdiction in this matter.  The Court also notes that Petitioner is seeking monetary damages for the incorrect sentence he received.  Monetary damages are not recoverable in a § 2254 proceeding.

### Recommended Disposition

I recommend that this case be dismissed without prejudice.

                                      Richard L. Puglisi
                                 Chief United States Magistrate Judge